PER CURIAM.
On April 23, 1986, this Court dismissed this appeal for want of prosecution, the appellant having failed to timely file its brief. Tex.R.Civ.P.Ann. 414(k) (1985). Ap-pellee, Randy Nilhas, by his motion for rehearing, moves the Court to set aside the order of dismissal so that he may file his brief asserting error by cross-point regarding the computation of prejudgment interest. Appellee claims that he intended to assert the cross-point in his brief, but that he never filed the brief because the deadline for filing appellee’s brief never began to run since appellant did not file a brief.
Texas R.Civ.P.Ann. 414(Z) (1985), provides:
(1) Appellee’s Filing Dates. Appellee shall file his brief within twenty-five days after the filing of appellant’s brief. When appellant has failed to file his brief as provided in this rule, the appel-lee may, prior to the call of the case, file his brief, which the court may in its discretion regard as a correct presentation of the case, and upon which it may, in its discretion, affirm the judgment of the court below without examining the record.
(Emphasis added.)
This rule provides that if an appellant fails to file its brief, the appellee may nonetheless file its brief “prior to the call of the case.”
We conclude that appellee Nilhas failed to file his brief prior to the call of the case which occurred when this Court, on its own motion, dismissed the appeal for want of prosecution. We ordered the appeal dismissed more than one month after the deadline for filing appellant’s brief had passed, and Nilhas, in the exercise of reasonable diligence, should have filed his brief asserting the cross-point during that period of time.
Appellee’s motion for rehearing is overruled.